UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

AARON PERSON,
    Plaintiff,

v.

PRISONER
CASE NO. 3:11-cv-298(SRU)

DEPARTMENT OF CORRECTIONS, et al.,
    Defendants.

## INITIAL REVIEW ORDER

Aaron Person, currently incarcerated at Willard-Cybulski Correctional Institution in Enfield, Connecticut, has filed an amended complaint *pro se* under 42 U.S.C. § 1983. Person sues Correctional Officers Ikem and Reqinville.

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id*. Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked

assertion[s]' devoid of 'further factual enhancement,'"does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to liberally construe a *pro se* complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

Person alleges that in March 2010 he was incarcerated at Carl Robinson Correctional Institution. On March 29, 2010, another inmate kicked him in the head and beat his face with a padlock. Officers Ikem and Requinville were stationed in the housing unit, but did not respond to stop the assault for at least five minutes. Prison officials transported the plaintiff to University of Connecticut Health Center for treatment of his injuries. The plaintiff still suffers from headaches, neck pain, depression and anxiety.

The plaintiff seeks three million dollars in damages. To the extent that the plaintiff sues the defendants in their official capacities, the claims for money damages are barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159 (1985) (Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacities); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (Section 1983 does not override a state's Eleventh Amendment immunity). The claims for money damages against the defendants in their official capacities are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

After reviewing the remaining allegations in the amended complaint, the court concludes that the case should proceed at this time on the Eighth Amendment failure-to-protect claims against defendants Ikem and Requinville in their individual capacities.

**ORDERS**

The court enters the following orders:

(1) All claims against the defendants for monetary damages in their official capacities are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2). The failure-to-protect claims shall proceed against the defendants in their individual capacities.

(2) Within **fourteen (14) days** of this Order, **the Pro Se Prisoner Litigation Office shall** ascertain from the Department of Correction Office of Legal Affairs the current work addresses for defendants Ikem and Requinville and mail waiver of service of process request packets to each defendant in his or her individual capacity at his or her current work address. On the thirty-fifth (35th) day after mailing, the Pro Se Office shall report to the court on the status of all waiver requests. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the amended complaint and this Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(4) **The Pro Se Prisoner Litigation Office shall** send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(5) **Defendants shall** file their response to the amended complaint, either an answer or motion to dismiss, within **seventy (70) days** from the date of this order. If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They may also include any and all additional defenses permitted by the

Federal Rules.

(6) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

(7) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(8) Pursuant to Local Civil Rule 7(a), a non-moving party must respond to a dispositive motion within **twenty-one (21)** days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

**SO ORDERED** this 19th day of October 2011, at Bridgeport, Connecticut.

    /s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge